UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| DAMONE M. STEWART, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 13-3336-SEM-BGC |
| | ) |
| LOGAN COUNTY STATE'S ATTORNEY, and DETECTIVE KINDRED, | ) |
| | ) |
| Defendants. | ) |

**MERIT REVIEW OPINION**

**SUE E. MYERSCOUGH, U.S. District Judge:**

This cause is before the Court for a merit review, pursuant to 28 U.S.C. § 1915A, of Plaintiff Damone M. Stewart's claims.

**I.
MERIT REVIEW UNDER 28 U.S.C. § 1915(A)**

Under 28 U.S.C. § 1915(e)(2) and § 1915A, the Court is required to carefully screen a complaint filed by a plaintiff who seeks to proceed in forma pauperis. The Court must dismiss a complaint, or a portion thereof, if the plaintiff has raised claims that are legally "frivolous or malicious," that fails to state a claim upon

1

which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id.* The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim for relief if the complaint does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009).

In reviewing the complaint, the Court accepts the factual allegations as true and liberally construes them in plaintiff's favor. *Turley v. Rednour*, ___ F.3d ___, 2013 WL 3336713, * 2 (7th Cir. July 3, 2013). Conclusory statements and labels are insufficient. Fed. R. Civ. P. 8; *Schatz v. Republican State Leadership Comm.,* 669 F.3d 50, 55 (1st Cir. 2012)(holding that, in order to determine if a complaint states a plausible claim, the court must take non-conclusory, non-speculative facts as true, draw all reasonable inferences in the pleader's favor, and isolate and ignore statements that simply rehash claim elements or offer only legal labels and conclusions). Instead, sufficient facts must be provided to "state a

claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013)(internal quotation omitted).

## II.
## ANALYSIS

Stewart alleges that he is the victim of an unlawful arrest. Specifically, Stewart claims that on July 1, 2013, law enforcement officers arrested him based upon a mistaken identity provided by a confidential source. Stewart avers that law enforcement officers violated his *Miranda* rights, that the Logan County State's Attorney is unlawfully prosecuting him, and that he is being deprived of his liberty interest while he awaits trial in jail. Stewart asks this Court to award compensatory and punitive damages and to dismiss the charges pending against him.

The Court must give Stewart's pro se Complaint a liberal construction, *Lawrence v. Secretary of State*, 2012 WL 2153155, * 1 (7th Cir. May 2, 2012), and after doing so, the Court believes that Stewart's Complaint asserts a claim for false arrest, a claim for malicious prosecution, and a request for the Court to exercise jurisdiction over his case.

3

"As a rule, a federal court shall not intervene in a pending state criminal prosecution." *Williams v. Farris*, 2013 WL 1729379, *2 (S.D. Ill. Apr. 22, 2013)(citing *Younger v. Harris*, 401 U.S. 37, 54 (1971)). Stewart has asked the Court to intervene in his state criminal proceeding by asking this Court to "please take a look at my case." This Court is precluded from doing so, however, based upon *Younger* and its progeny.

Likewise, Stewart's malicious prosecution claim is barred by Supreme Court precedent. Stewart has not yet had a trial, nor has he been convicted of a crime. The Supreme Court held in *Heck v. Humphrey*, 512 U.S. 477 (1994), that a plaintiff cannot bring a claim for malicious prosecution until the prior criminal proceedings have been terminated in the plaintiff's favor. *Id.* at 484-85; *Parish v. City of Elkhart*, 614 F.3d 677, 680 (7th Cir. 2010). Thus, Stewart's claim against the Logan County State's Attorney is not cognizable.

That leaves Stewart's claim of a false arrest. The Supreme Court has held that *Heck's* requirement that a plaintiff's prior criminal proceedings be terminated in his favor either at trial, on appeal, or via expungement does not apply to claims of false arrest. *Wallace v. Kato*, 549 U.S. 384, 392-93 (2007). The proper procedure

4

under those circumstances, generally, is for the district court to stay the proceedings or abstain based upon the *Younger* abstention doctrine. *Evans v. Poskon*, 603 F.3d 362, 363 (7th Cir. 2010)(stay); *Simpson v. Rowan*, 73 F.3d 134, 137 (7th Cir. 1995)(abstain).

Here, the Court need not stay or determine if *Younger* abstention applies because Stewart has failed to state a claim for false arrest.[1] In order to establish a false arrest claim, Stewart must show that there was no probable cause to believe that he had committed a crime and that the arresting officers knew that the arrest warrant was issued without probable cause. *Williamson v. Curran*, 714 F.3d 432, 444 (7th Cir. 2013). Stewart has not alleged that there was no probable cause for the arrest warrant; instead, he alleges that the warrant was based on incorrect information.

However, "[p]robable cause exists if at the time of the arrest, the facts and circumstances within the officers' knowledge are sufficient to warrant a prudent person, or one of reasonable

---

[1] Although he does not clearly indicate, the Court infers that Stewart has sued Detective Kindred because he was the investigating and arresting officer. Otherwise, Detective Kindred could not be held liable under § 1983 because he would lack personal involvement in the alleged constitutional deprivation. *Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010)(quoting *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003)).

caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense. The existence of probable cause does not depend on the truth of a complaint of wrongdoing. So long as an officer reasonably believes the putative victim of or eyewitness to a crime is telling the truth, he may rely on the information provided to him by such persons in deciding to make an arrest, without having to conduct an independent investigation into their accounts. *Id.* at 441 (internal citations and quotations omitted). Stewart alleges that the confidential source identified him as the person who sold him crack cocaine. These allegations establish that there was probable cause for the arrest warrant, and therefore, Stewart cannot maintain his claim for false arrest. *Castiglione v. Basen*, 2011 WL 3625084, * 7 (D.N.J. Aug. 16, 2011)(finding that the application of *Younger* abstention unnecessary because the plaintiff failed to allege properly a cause of action for false arrest).

Finally, by asking the Court to intervene and dismiss the state criminal charges, Stewart has called into question the validity of his pending criminal charges. "[D]ismissal of the civil rights suit is an appropriate response when it is clear beyond any doubt that the

plaintiff's victory in his civil rights claim would necessarily implicate the validity of the pending criminal charges and of the plaintiff's arrest, prosecution and continued incarceration." *Garcia v. Louisiana*, 2010 WL 2696753, * 4 (W.D. La. June 15, 2010). Stewart's Complaint necessarily implicates the validity of his arrest, and dismissal is warranted.

**IT IS, THEREFORE, ORDERED that:**

1) Plaintiff Damone M. Stewart's Complaint is dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A. Any further amendment to the Complaint would be futile because Plaintiff's claim is not cognizable.

2) This dismissal shall count as one of Plaintiff's three allotted "strikes" pursuant to 28 U.S.C. Section 1915(g).

3) Plaintiff must still pay the full docketing fee of $350 even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court as directed in the Court's prior Order.

4) If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of

judgment. Fed. R. App. P. 4(a).  A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. Fed. R. App. P. 24(a)(1)(C).  If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.

5) **This case is, therefore, closed, and the clerk is directed to enter a judgment pursuant to Federal Rule of Civil Procedure 58.  The Clerk of the Court is directed to record Plaintiff's strike in the three-strike log.**

ENTER:     October 23, 2013

FOR THE COURT:

                                            s/ Sue E. Myerscough
                                            SUE E. MYERSCOUGH
                                    UNITED STATES DISTRICT JUDGE